STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FREDIA C. MEADOWS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0416** (BOR Appeal No. 2048024)
                    (Claim No. 2011041133)

**RALEIGH CENTER,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fredia C. Meadows, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Raleigh Center, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 18, 2013, in which the Board affirmed a January 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Ms. Meadows's motion for late filing of protest to the claims administrator's July 23, 2012, decision which closed her claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Meadows worked as a cook for Raleigh Center, a nursing home. On May 9, 2011, she injured her right hip when she slipped on a wet kitchen floor. She did not fall. The claims administrator held her claim compensable for a right hip injury and granted her temporary total disability benefits. Following a course of treatment which included surgery to repair her fractured hip, Paul Bachwitt, M.D., evaluated Ms. Meadows and determined that she had reached her maximum degree of medical improvement. On July 23, 2012, the claims administrator closed Ms. Meadows's claim for temporary total disability benefits. Ms. Meadows did not attempt to

1

protest the claims administrator's decision until October 22, 2012. The protest did not provide any explanation or excuse for her late filing. The Office of Judges rejected Ms. Meadows's protest and required her to file a protest which corrected the deficiencies of her first protest. Ms. Meadows then filed a second protest, which again provided no excuse for her late filing. Finally, on December 6, 2012, Ms. Meadows filed a motion to excuse her untimely protest indicating that she did not understand the time frame rules for protesting the claims administrator's decision. On January 9, 2013, the Office of Judges denied Ms. Meadow's protest of the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 18, 2013, leading Ms. Meadows to appeal.

The Office of Judges concluded that Ms. Meadows did not meet the jurisdictional requirements for timely protesting the claims administrator's July 23, 2012, decision. The Office of Judges found that Ms. Meadow's October 22, 2012, protest was not timely filed and did not include an explanation of her late filing. The Office of Judges also determined that Ms. Meadows's motion explaining her late protest on December 6, 2012, occurred beyond the time frame it was authorized to excuse her late filing. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Meadows did not file a protest to the claims administrator's July 23, 2012, decision within the sixty day time frame set out in West Virginia Code § 23-5-1(b)(1) (2009). The Office of Judges had the authority to extend her time frame for protesting the claims administrator's decision for an additional sixty days if she had provided good cause or excusable neglect for her late filing. West Virginia Code § 23-5-6 (2003). However, Ms. Meadows's explanation for her failure to timely protest the claims administrator's decision was also not provided in a timely fashion. Ms. Meadows's failure to file a proper protest within the time periods set out in West Virginia Code §§ 23-5-1(b)(1) and 23-5-6 deprived the Office of Judges of jurisdiction to consider her claim, and it properly rejected her protest.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum